UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSEMARY KOCH,

                Plaintiff,

                                          Case No. 12-CV-14760

vs.

                                          HON. GEORGE CARAM STEEH

HOME NETWORK MORTGAGE, LLC,

                Defendants.

_____/

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
[DOCS. 6 AND 7], STRIKING AMENDED COMPLAINT
[DOC. 15] DENYING MOTION FOR INJUNCTIVE RELIEF AND
DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [DOC. 19]

Plaintiff Rosemary Koch filed this action against defendants Home Network Mortgage, LLC, U.S. Bank N.A., Trott & Trott, P.C., Capovista, LLC, and Does 1 through 100. Plaintiff's complaint identifies Jeffrey Holt as a "third party interest intervenor" as well as the person submitting the 35-page complaint, although there is no signature above his name. Plaintiff's federal claims allege violations of the Truth in Lending Act, Federal Reserve Board Regulation Z, and National Currency Act arising out of the foreclosure of the mortgage on her home.

Defendants Trott & Trott and Capovista both filed appearances and motions to dismiss in lieu of an answer to the complaint. There has been no service upon the remaining defendants. The matter is before the court on the two pending motions to dismiss.

First, the court notes that Mr. Holt is not an attorney licensed to practice law.  Ms. Koch acknowledges that fact in her response brief and explains that he has a Power of Attorney to act on her behalf.  Only a member of good standing of the bar of this court is authorized to practice before this court.  Local Rule 83.20(i)(1).  As long as there are no further violations of this court rule by Mr. Holt, the court will not pursue its authority to find him in criminal contempt for the unauthorized practice of law.

Defendant Capovista was the purchaser of the real property at issue in this action. Plaintiff Rosemary Koch is the former owner/mortgagor of the property.  It appears that Koch took out a loan which was secured by a mortgage on the property.  Koch apparently defaulted on the loan.  The mortgagee, through its counsel, defendant Trott & Trott, declared a default and foreclosed on the mortgage.  A sheriff's sale was held at the Washtenaw County Courthouse, where Capovista purchased the property.

After expiration of the statutory redemption period, Capovista removed its Sheriff's Deed, duly conveying legal title to the real estate.  Other than this, Capovista is not alleged to have been involved in any way with Koch's loan, mortgage, default, acceleration of the debt, or foreclosure of the mortgage.

Koch has not attached any of the relevant documents referenced in her complaint. Attached to the complaint are Affidavits from plaintiff herself and from Jeffrey LaVerne Holt. Mr. Holt's Affidavit includes a copy of a check which is claimed by Mr. Holt to be tendered payment to the holder of Ms. Koch's mortgage.  Mr. Holt contends that such payment was rejected.

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation

of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.   "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  To survive a Rule 12(b)(6) motion for dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (*citing Bell Atlantic*, 550 U.S. at 555).

I. <u>Capovista's Motion to Dismiss</u>

Defendant Capovista, as a mere purchaser of the real estate, could not have committed any of the breaches alleged by plaintiff.  Plaintiff has not alleged a defect in the foreclosure process itself, so she has failed to state a claim upon which relief can be granted against Capovista.

Plaintiff's response to dismissing Capovista is that Capovista is an "active part of the fraud."  Fraud claims must be pled with particularity, *see* Fed. R. Civ. P. 9(b), and, [a]t a minimum, Plaintiff [] must allege the time, place, and contents of the misrepresentations upon which [she] relied." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008).  Plaintiff must also allege facts from which it could be concluded that her reliance was reasonable.

-3-

*See Novak v. Nationwide Mutual Ins. Co.*, 235 Mich. App. 675 (1999).  In this case, plaintiff's fraud allegations are generally pled against all defendants.  Count 2, fraud in the concealment, alleges that defendants concealed the fact that the loans were securitized as well as the Securitization Agreements.  As the purchaser at foreclosure, Capovista had no role to play in the securitization of plaintiff's loans.  Count 3 alleges that defendants intentionally misrepresented to plaintiff that they were entitled to exercise the power of sale provision contained in the Deed of Trust.  Again, Capovista is not alleged to have exercised a power of sale provision in any document, since it was the *purchaser* at the sheriff's sale.

Plaintiff has failed to make any specific allegations in her complaint against defendant Capovista that state a claim upon which relief could be granted.  Defendant Capovista's motion to dismiss is GRANTED.

II.  Trott & Trott's Motion to Dismiss

The "check" submitted and referred to by Mr. Holt is in the amount of $225,000.00, from Mr. Holt's account at TCF Bank, and dated April 15, 2012.  It was allegedly mailed to U.S. Bank on April 16, 2012 in order to pay off Ms. Koch's mortgage.  On April 21, 2012, Mr. Holt received a letter from Trott & Trott, refusing the check as being insufficient funds to pay off the mortgage.  The check was rejected by Trott & Trott as an effort to redeem the property because it was marked on the front: "EFT ONLY FOR DISCHARGE OF DEBT" and on the back: "NOT FOR DEPOSIT / EFT ONLY / FOR DISCHARGE OF DEBT."  The payee, U.S. Bank, could not have cashed the check because of the markings on it, and an electronic funds transfer can only be initiated by the payor, not by the recipient.  Since the monetary instrument was returned to Mr. Holt, and he attached said returned instrument to his Affidavit, plaintiff had knowledge that it had been returned.  There was no valid tender

of payment in this case, since the check was marked up, including the words "NOT FOR DEPOSIT" and it did not suffice as an electronic funds transfer.  Therefore, there was no actual payment by the plaintiff in this case, toward the discharge of the mortgage debt, to support her claims in Count 10, violations of Truth in Lending Act, Federal Reserve Board Regulation Z, and National Currency Act of 1863.  (Compl. ¶ 132)  Count 10, the only federal claim made, is DISMISSED.

Trott & Trott does not claim to own the mortgage at issue.  Rather, Trott & Trott acted in this case on behalf of its client, the mortgagee of record, U.S. Bank. (See, Assignment of Mortgage, Ex. C to Motion to Dismiss) The law in this state is that the holder of the mortgage of record is entitled to foreclose.  *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909 (2011).  Trott & Trott was entitled to pursue foreclosure on behalf of its client, U.S. Bank.  Count I, lack of standing to foreclose, is DISMISSED.

There are no specific allegations of fraud made against Trott & Trott, Fed. R. Civ. P. 9(b), therefore Counts 2 and 3 are DISMISSED.

Counts 4 through 9, intentional infliction of emotional distress, slander of title, quiet title, declaratory relief, violation of MCLA 125.1449a, and violation of Michigan Consumer Protection Act, MCLA 445.903, are all state claims for which the court declines to exercise its supplemental jurisdiction.  Counts 4 through 9 are therefore DISMISSED without prejudice, for lack of subject matter jurisdiction.

III.  Second Amended Complaint

On January 18, 2013, Rosemary Koch and Jeffrey Holt filed a pleading titled "Amended Complaint".  This pleading is STRICKEN due to the fact that it is untimely under Federal Rule of Civil Procedure 15(a)(1), and for failing to comply with the procedures set

-5-

forth in Federal Rule of Civil Procedure 15(a)(2).  As it relates to defendants Trott & Trott PC and Capovista LLC, the court will construe the amended complaint as a motion for temporary injunctive relief and DENY such motion for failure to state a claim upon which relief can be granted, for the same reasons given in granting the motions to dismiss.

IV.  Motion for Leave to Amend

On January 28, 2013, plaintiffs filed a motion for leave to file the Amended Complaint which was originally filed by plaintiff Rosemary Koch on January 2, 2013 and stricken by the court on January 16, 2013 for failing to comply with Fed. R. Civ. P. 15(a)(1) and (2).  The January 2 Amended Complaint is in an entirely different format than the original complaint.  The original complaint contains numbered paragraphs making factual allegations while the Amended Complaint does not.  The original complaint is divided into ten causes of action while the Amended Complaint is not divided into separate counts, and contains numerous citations to cases and other legal resources, more in lines with a brief than a complaint.

Fed. R. Civ. P. 15(a)(2) directs the court to grant leave to file an amended when justice so requires.  In this case, justice does not require that leave be granted where plaintiff's proposed amendment makes her claims far less clear to the defendants as well as to the court.  For that reason, plaintiff's motion for leave to file the January 2, 2013 Amended Complaint is DENIED.

CONCLUSION

For the reasons stated herein, defendants' motions to dismiss are GRANTED, plaintiff's January 18, 2013 Amended Complaint is STRICKEN, plaintiff's request for injunctive relief as to the two served defendants is DENIED, and plaintiff's motion for leave to file her January 2, 2013 Amended Complaint is DENIED.

In light of the fact that the summons issued for the remaining defendants is due to expire February 27, 2013, plaintiff IS ORDERED to show cause, if any, in writing, on or before March 1, 2013, why the remaining defendants should not be dismissed from this case.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2013

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 31, 2013, by electronic and/or ordinary mail and on
Rosemary Koch, 1950 Baker Road, Dexter, MI 48130.

s/Barbara Radke
Deputy Clerk

-7-